# Exhibit 3

Filed
D.C. Superior Court
11/04/2015 09:08AM
Clerk of the Court

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

GWEN THOMAS
2601 Park ctr. Dr.
Alexandria, VA 22302

    Plaintiff,

vs.

AUTOMATTIC, INC.
132 Hawthorne Street
San Francisco, CA 94107; and

JOHN DOE
Street
City, State ZIP

    Defendants.

Case No. 2015 CA 008524 B

## COMPLAINT

**COMES NOW** Plaintiff, Gwen Thomas ("Plaintiff"), brings this Complaint, by way of counsel, for defamation against the Automattic, Inc. and John Doe (collectively, "Defendants") and states the following:

### JURISDICTION AND VENUE

1. This is a civil action seeking compensatory and punitive damages against the Defendant for defamation per se and intentional infliction of emotional distress in violation of District of Columbia statutory laws, common law and constitutional law.

2. Jurisdiction of this Court is founded upon D.C. Code §11-921 because this is a civil action being brought in this Court and the amount in controversy does not exceed $50,000.00.

3. This Court enjoys personal jurisdiction over the Defendants pursuant to D.C. Code § 13-423 because the Defendants' act of publishing false and defamatory statements occurred in the District of Columbia, causing tortious injury to Plaintiff in the District of Columbia. Defendants' comments were purposely aimed at the District of Columbia.

4. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2) because all or a substantial portion of the events that gave rise to Plaintiff's claims transpired in the District of Columbia, including the publication or republication of the defamatory falsehoods and the damage to Plaintiff's reputation.

## PARTIES

5. Plaintiff, Gwen Thomas, is an experienced and sought-after public relations professional based in the District of Columbia. Ms. Thomas is President and CEO of Gwen Thomas PR, Inc. and Fresh Perspectives Seminars. Ms. Thomas founded Promotions Unlimited 2000, Inc. in 1988, which quickly became a national promotional marketing company managing models, actors, musicians, and later engaging in public relations marketing for Fortune 500 companies. Ms. Thomas is a pioneer in the field of public relations where she facilitates seminars and workshops for schools, business, and the best practices in civil rights and diversity.

6. Defendant, Automattic, Inc. ("Automattic"), is a web development corporation founded in August 2005 most notable for WordPress.com, a free blogging service serving more than 15.8 billion pages a month, as well as WordPress, the open source blogging software.

7. John Doe is the author of the WordPress blog at contention in this dispute.

## STATEMENT OF FACTS

8. Defendant, Automattic, Inc., is the owner of Wordpress.com, a free blogging service.

9. On Defendant's free blogging service, users have the ability to disseminate material to the general public by way of creating and publishing web pages.

10. Ms. Thomas is an experienced marketing professional.

11. Ms. Thomas is a pioneer of marketing and public relations and is highly respected in her field.

12. Ms. Thomas's professional positions often place her in the role of a fiduciary.

13. Ms. Thomas's clients contract with her because of her reputation as an honest person.

14. Defendant John Doe created and published a web page on Defendant Automattic's blogging service.

15. With the help of Defendant Automattic's service, Defendant John Doe drafted and published an article depicting Plaintiff in a false light.

16. With the help of Defendant Automattic's service, Defendant John Doe drafted and published an article depicting Plaintiff in a defamatory manner.

17. Defendant Automattic received Defendant John Doe's articles and facilitated the publication of the false material.

18. Defendant Automattic assigned the following link to the defamatory statements made against Ms. Thomas: https://scandalmedia.wordpress.com/2014/10/30/gwen-thomas-is-one-of-the-biggest-crooks-in-the-public-relations-business/.

19. Defendants describe Ms. Thomas as a "crook."

20. Defendants portray Ms. Thomas to be a business person with poor traits.

21. Defendants state that Ms. Thomas has stolen money from companies for the last 29 years.

22. Defendants state that Ms. Thomas is in an affair.

23. Defendants portray Ms. Thomas to be one that regularly engages in extramarital affairs.

24. Defendants state that Ms. Thomas steals money from her clients.

25. Defendants portray Ms. Thomas to be a thief.

26. Defendants warn others to not enter into business arrangements with Ms. Thomas.

27. After learning of the matter, Ms. Thomas sought counsel to redress this matter.

28. Ms. Thomas, through counsel, contacted Defendant Automattic and requested that they remove the published link on their service.

29. Defendant Automattic has failed to respond to Ms. Thomas's request for conversation and/or removal of link.

## COUNT I
### (Defamation Per Se)

30. Ms. Thomas incorporates by reference paragraphs 1 through 29 as if fully set forth and repeated herein.

31. The publication and republication of the statements proximately caused general and special damages to Ms. Thomas.

32. Defendants knew, anticipated, foresaw, and intended that the statements would be read by persons throughout the United States and the world and would damage the reputation of Ms. Thomas.

33. The statements have adversely affected Ms. Thomas' credibility in public relations; speaking, writing, and publishing opportunities; and book sales, and have caused psychological and emotional trauma and suffering.

## COUNT II
### (Defamation)

34. Ms. Thomas incorporates by reference paragraphs 1 through 23 as if fully set forth and repeated herein.

35. The statements, individually and collectively, referred to herein have caused, are causing, and will cause Ms. Thomas to suffer injury to her professional standing, reputation, and good name, and they have held up and will continue to hold up Ms. Thomas to public scandal and ridicule.

36. The statements were calculated to, and do, expose Ms. Thomas to public scorn, hatred, and ridicule. By such published statements, Defendants did injure Ms. Thomas' reputation within her professional circles and the community at large.

37. The publication of the statements proximately caused general and special damages to the Ms. Thomas.

38. The statements have adversely impacted Ms. Thomas' scholarly credibility and opportunities for writing, teaching, speaking, and publishing books.

39. The statements have damaged Ms. Thomas' professional standing in the academic community.

40. The statements have proximately caused Ms. Thomas emotional and psychological trauma and suffering which are continuing.

## COUNT III
### (Intentional Infliction of Emotional Distress)

41. Ms. Thomas adopts and incorporates the allegations contained in paragraphs 1 through 40 as fully set forth herein.

42. At all times mentioned herein, the Defendants acted in concert and with full knowledge of the conduct of each other.

43. As a direct and proximate result of the Defendants' extreme, outrageous, and malicious conduct, Ms. Thomas was caused to suffer, among other things, severe and permanent mental distress, anxiety and nervousness, humiliation, embarrassment, and associated injuries.

## PRAYER FOR RELIEF

Ms. Thomas demands judgment against Defendants, jointly and severally, as follows: (i) for compensatory damages in the amount of $1,000,000.00 on Count I, $1,000,000.00 on Count II, and $1,000,000.00 on Count III; (ii) for punitive damages in the amount of $2,000,000 on Count I, $2,000,000 on Count II, and $2,000,000 on Count III; (iii) for both pre-judgment and post-judgment interest on both Counts; (iv) for the complete removal of all remnants of Defendant John Doe's website from Automattic's website and server space; (v) for an injunction restraining Defendants from further publication of Defendants' blog post; and (vi) for such other and further relief as this Court finds just and equitable.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Nnamdi Nwaneri
Nnamdi J. Nwaneri, Esquire #1017312
Bah Legal and Consulting, LLC
1220 L Street NW Suite 700
Washington, DC 20005

*Counsel for Plaintiff*



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

GWEN THOMAS
Vs.                                               C.A. No.        2015 CA 008524 B
AUTOMATTIC, INC. et al

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                  Chief Judge Lee F. Satterfield

Case Assigned to: Judge MAURICE ROSS
Date:  November 4, 2015
Initial Conference: 9:00 am, Friday, February 05, 2016
Location:  Courtroom 100
           500 Indiana Avenue N.W.

                                                                          Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc